# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-2142

_____

United States of America

*Plaintiff - Appellee*

v.

Nathan Isadore Jiles

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: April 17, 2026
Filed: June 15, 2026
[Unpublished]

_____

Before SMITH, BENTON, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Nathan Jiles pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8) and to assault of a federal officer involving physical contact, in violation of 18 U.S.C. § 111(a). The district court[1] imposed a

---

[1]The Honorable C.J. Williams, Chief Judge, United States District Court for the Northern District of Iowa.

sentence of 168 months in prison, which was above the Sentencing Guidelines range of 121 to 151 months calculated by the court. On appeal, Jiles argues the district court erred in calculating his Sentencing Guidelines range by applying a six-level enhancement under USSG § 3A1.2(c)(1) for assault creating a substantial risk of serious bodily injury to a law enforcement officer. We affirm.

When executing an arrest warrant for Jiles on other charges, law enforcement initiated a "vehicle pin" stop—a stop where law enforcement vehicles take positions on all four sides of a subject's car. Jiles reversed his car and rammed Deputy United States Marshal Grady Sheehy's car, which was the rear pin. When he was struck, Deputy Sheehy was standing with one foot in his car, one foot outside his car, and both hands on his gun. The force moved Deputy Sheehy's parked car a few inches backwards, causing the car's pillar to hit Deputy Sheehy in the chest and knock him off balance. Deputy Sheehy's car also struck Officer Silje Lynne, pushing her backwards while she had her gun drawn.

After Jiles failed to break through the barricade, he continued to resist. When Officer Christopher Carton approached the driver-side window with his taser in hand, Jiles rolled up his window, forcing the officer to use a shatter ball to obtain access. Jiles began to reach underneath the steering column in an apparent attempt to retrieve something. When Officer Carton asked what he was grabbing, Jiles said, "I got a gun." Officer Carton observed Jiles "manipulating" a gun, either to remove it from the holster or rack the slide. Officer Carton testified this caused him to be concerned that Jiles was going to shoot him, but fortunately Jiles dropped the gun when ordered to do so. After initially dropping the gun, Jiles continued to attempt to retrieve the weapon. Ultimately, the officers secured Jiles and his loaded gun.

Section 3A1.2(c)(1) applies when the defendant "assault[s] [an] officer during the course of the offense . . . in a manner creating a substantial risk of serious bodily injury." We review factual findings supporting the application of § 3A1.2(c)(1) for clear error. United States v. Davis, 151 F.4th 998, 1002 (8th Cir. 2025).

The district court found that ramming Deputy Sheehy's car and, alternatively, Jiles' conduct with a gun was sufficient to find that Jiles assaulted an officer in a manner creating a substantial risk of serious bodily injury. Jiles emphasizes the lack of any injury, but the absence of a serious bodily injury does not preclude a finding that Jiles created a substantial risk. Id. The undisputed testimony was that Jiles stepped on the gas and backed into Deputy Sheehy's car with sufficient force to move the parked car backwards, knocking Deputy Sheehy and Officer Lynne off balance. Deputy Sheehy testified that being knocked off balance with a weapon drawn risks an accidental discharge. Additionally, one of Officer Lynne's hands was knocked off her gun. The district court found that Jiles's conduct could have resulted in an officer or a civilian bystander being shot. As the district court explained, it was "only because the officers were well trained and agile were they able to prevent an injury from occurring." We find no error, clear or otherwise, in the district court's determination that Jiles created a substantial risk of serious bodily injury by using his car as a weapon to strike officers who had drawn their weapons.

The district court also found that Jiles's manipulation of the gun in front of Officer Carton independently supported the enhancement. While Jiles tacitly acknowledges his conduct created a substantial risk of serious bodily injury, he contends that he did not assault or intend to assault Officer Carton. The district court credited Officer Carton's testimony that he feared Jiles would shoot him when he observed Jiles manipulating the gun. And we cannot say Officer Carton's fear was not reasonable considering Jiles had just unsuccessfully attempted to escape by ramming his car into a police barricade. See United States v. Olson, 646 F.3d 569, 574 (8th Cir. 2011) (noting law enforcement's fear was reasonable when faced with a fleeing suspect, holding a gun, who had refused to relinquish it, and began to raise it as the officers closed in around him). Finally, the district court's conclusion that Jiles intended to cause fear is supported by Jiles announcing that he had a gun, his subsequent statements that he went into "fight or flight" mode, and his history of threatening law enforcement. The district court's alternative determination for application of the enhancement was also not in error.

We affirm the judgment of the district court.

_____